# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS EDDIE GREENE, | CV F  04 5439 AWI LJO P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS FROM ACTION (Doc.  1) |
| SANCHEZ, et. al., | |
| Defendants. | |

Chris Eddie Greene ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on March 17, 2004, alleging that Defendants E.  Sanchez, Warden, Captain J.  Leeper, Captain D.  Folks, Lieutenant J.D. Miles, Sergeant Flores, Doctor Castillo and Psychologist Bradley Hartung were deliberately indifferent to his health in violation of the Eighth Amendment.

On July 12, 2005, the Court dismissed the Complaint with leave to amend finding only the Eighth Amendment medical claim against Defendants Miles and Castillo cognizable.  The remaining claims against the other Defendants were not found to be cognizable. Thus, the Court granted Plaintiff time to file an Amended Complaint or inform the Court that he wished to proceed on the cognizable claims only.

1

On July 20, 2005, Plaintiff filed a Notice of Intent to Proceed on Cognizable Claims wherein Plaintiff states he does not wish to file an Amended Complaint but wishes to proceed only on the claims found cognizable by the Court.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. ALLEGATIONS IN THE COMPLAINT**

Plaintiff alleges that on or about May 18, 2002, he was placed in the California Substance Abuse Treatment Facility (CSATF) acute hospital on suicide watch. On May 21, 2002, Plaintiff was informed by two guards that he was being released back into administrative segregation. Plaintiff explained that he was suicidal and so the officers left. Later, Lt. Miles approached Plaintiff and instructed him to cuff-up. Plaintiff explained that he was suicidal. According to Plaintiff, Lt. Miles left and contacted Chief Deputy Warden Sanchez and Captain J. Leeper.

Miles was authorized to perform a cell extraction. Plaintiff contends that Dr. Castillo approved his release back into administrative segregation and that Dr. Hartung told Lt. Miles that Plaintiff had been discharged as well. During the extraction, Sgt. Flores deployed the pepper spray. Plaintiff was placed into a cell where within thirty minutes, he attempted suicide by hanging. Plaintiff alleges that the Defendants were deliberately indifferent to his serious mental health and medical needs and is seeking monetary relief.

### 1. Linkage Requirement

> The Civil Rights Act under which this action was filed provides:
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### 2. Eight Amendment Claim

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit v. Ray, 682 F.2d at 1250-51; Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer v. Brennan, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan,

3

511 U.S. at 834(citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837.

In this case, although Plaintiff alleges that all of the Defendants were deliberately indifferent to his mental health needs, he only states a cognizable claim for relief against Defendants Miles and Castillo.  The Complaint alleges that Plaintiff informed Defendant Miles that he was suicidal and yet he was discharged to administrative segregation where he attempted suicide.  In addition, Dr. Castillo approved Plaintiff's discharge from suicide watch.  Thus, Plaintiff's allegations sufficiently allege that Defendant Miles and Dr. Castillo knew of and disregarded an excessive risk to his health and safety.

Plaintiff does not state a claim for relief against Defendants Sanchez, Leeper, Folks, Flores, or Hartung.  The Complaint alleges Defendant Miles contacted Defendants Sanchez and Leeper and obtained authorization for a cell extraction.  However, nothing in the Complaint alleges that Defendants Sanchez and Leeper knew of and disregarded a risk to Plaintiff's health.

With regard to Defendant Flores, Plaintiff only alleges that he is the individual who pepper sprayed him, however, he fails to link Defendant Flores to any act or omission giving rise to his Eighth Amendment Claim of deliberate indifference.  Similarly, the Complaint references Defendant Hartung only in the context that Defendant Hartung told Defendant Miles that Plaintiff had been discharged.  Finally, the complaint makes absolutely no reference to Defendant Folks.

In addition, Plaintiff does not allege that Defendants Sanchez and Leeper knew of disregarded the potential circumstances of Plaintiff's release into administrative segregation.

Accordingly, the Court finds the Complaint states a cognizable claim for relief against Defendant Miles and Dr. Castillo.  However, it does not state an Eighth Amendment claim against any of the other Defendants.

### 3. Supervisory Liability

To the extent Plaintiff is seeking to hold Defendants Sanchez and Leeper responsible as supervisors, supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant

4

holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646.

**D. CONCLUSION AND RECOMMENDATION**

The Court finds Plaintiff's Complaint states a cognizable Eighth Amendment claim against Defendants Miles and Castillo. However, Plaintiff's Complaint does not contain any other cognizable claims for relief against any of the remaining Defendants.

Accordingly, the Court HEREBY RECOMMENDS that the Eighth Amendment claim against Defendants E. Sanchez, Warden, Captain J. Leeper, Captain D. Folks, Sergeant Flores, and Psychologist Bradley Hartung, and the Supervisory Liability claim against Defendants Sanchez and Leeper be DISMISSED from the action and that the action proceed on Plaintiff's Eighth Amendment claim for deliberate indifference to medical needs against Defendants Lieutenant J.D. Miles and Doctor Castillo.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted

1  to the United States District Court Judge assigned to this action pursuant to the provisions of 28
2  U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States
3  District Court, Eastern District of California.  Within THIRTY (30) days after being served with
4  a copy of these Findings and Recommendations, any party may file written Objections with the
5  Court and serve a copy on all parties.  Such a document should be captioned "Objections to
6  Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served
7  and filed within TEN (10) court days (plus three days if served by mail) after service of the
8  Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
9  § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time
10 may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153
11 (9th Cir. 1991).

13 IT IS SO ORDERED.

14 **Dated:   July 27, 2005**              /s/ Lawrence J. O'Neill
   b9ed48                                  UNITED STATES MAGISTRATE JUDGE