# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS EDDIE GREENE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MILES, et. al,,<br><br>　　　　　Defendants.　　　　／ | CASE NO. 04 5439 AWI LJO P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED, WITHOUT PREJUDICE<br><br>(Doc. 30) |

Chris Eddie Greene ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed March 17, 2004, against Defendants Lt. Miles and Dr. Castillo for Eighth Amendment medical violation.

On October 31, 2005, Plaintiff filed a Motion for Summary Judgment.

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). It is the moving party's burden to establish that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. British Airways Board v. Boeing Co., 585 F.2d 946, 951

(9th Cir. 1978).

Where, as here, "the moving party has the burden of proof, . . . his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986) (quoting from W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Issues of Material Fact 99 F.R.D. 465, 487 (1984)).  Thus, on a summary judgment Motion, the moving party must demonstrate there is no triable issue as to the matters alleged in its own pleadings. Id.  This requires the moving party to establish beyond controversy every essential element of its claim or defense. Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986).  The moving party's evidence is judged by the same standard of proof applicable at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

Pursuant to Local Rule 56-260(a), "[e]ach motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' which shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition interrogatory answer, admission or other document relied upon to establish that fact."

The Court has reviewed Plaintiff's motion and finds that it does not comply with the requirements set forth in Local Rule 56-260(a).  Plaintiff's Motion must be accompanied by a Statement of Undisputed Facts in which each fact is separately set forth and is followed by a citation to the "particular portions of any pleading, affidavit, deposition interrogatory answer, admission or other document relied upon to establish that fact." Local Rule 56-260(a).  A moving party's failure to cite to the evidence relied upon in support of each specific fact makes a responding party's burden unnecessarily more difficult.  In fact-specific cases, the Court is disinclined to overlook the failure to comply with the mandate of Local Rule 56-260(a).  The responding party should be able to quickly ascertain what facts offered by plaintiff are to be contested and what evidence is relied upon in support of each fact.

Although the court is cognizant of the fact that Plaintiff is a non-attorney proceeding pro se and is incarcerated, all parties are required to comply with this rule, regardless of their status.

1  Plaintiff's Motion is not in compliance with this requirement and the court will not require
2  Defendants to sift through Plaintiff's Motion and figure out for themselves the facts and the
3  evidence relied on by Plaintiff.
4      Accordingly, it is HEREBY RECOMMENDED that Plaintiff's Motion for Summary
5  Judgment, filed October 31, 2005, be DENIED, without prejudice.
6      These Findings and Recommendations are ORDERED submitted to the United States
7  District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).
8  Within **THIRTY (30) DAYS** after being served with these Findings and Recommendations, the
9  parties may file written objections with the court.  The document should be captioned
10  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
11  failure to file objections within the specified time may waive the right to appeal the District
12  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
13  IT IS SO ORDERED.
14  **Dated:   November 7, 2005**            **/s/ Lawrence J. O'Neill**
    b9ed48                                   UNITED STATES MAGISTRATE JUDGE