# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS EDDIE GREENE,<br><br>    Plaintiff,<br><br>  v.<br><br>SANCHEZ, et. al.,<br><br>    Defendants.<br>_____/ | CV F   04 5439 AWI LJO P<br><br>ORDER CONSTRUING MOTION TO DISMISS TO DENY REQUEST FOR EXTENSION OF TIME AS "OPPOSITION TO REQUEST FOR EXTENSION OF TIME AND REQUEST THAT MOTION TO DISMISS BE DENIED" (Doc. 33.)<br><br>ORDER DENYING MOTION TO DENY MOTION TO DISMISS (Doc. 33.) |

    Chris Eddie Greene ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    On October 28, 2005, Defendants moved for an extension of time to file a responsive pleading. The Court granted Defendants request on November 2, 2005.  On November 7, 2005, Plaintiff filed a pleading which he titles "Motion to Dismiss Defendant's First Request for An Extension of Time and Ask the Court to Proceed on Plaintiff's Motion for Summary Judgment."[1] In the body of this pleading, Plaintiff alleges that Defendants are deliberately delaying the case because they did not respond until he filed a Motion for Summary Judgment.  Plaintiff also states that the extension of time should not have been granted because Defendants did not state that they did not receive copies of the Complaint.

    As a preliminary matter, Plaintiff's pleading is not a Motion to Dismiss but an Opposition or Objection to the request for an extension of time made by Defendants.  As such, the Court will

---

[1] As a preliminary matter, the Court issued Findings and Recommendations concerning Plaintiff's Motion for Summary Judgment on November 7, 2005.

1

CONSTRUE the Motion as an Opposition to the request for an extension of time.

With regard to Plaintiff's contentions that Defendant's request was not sincere but an effort to delay the case, the Court disagrees. The Court grants extensions of time after careful consideration of the circumstances that warrant the request. Here, counsel for Defendant submitted a declaration under penalty of perjury which states that he was only recently assigned to the case and had not had sufficient time or the necessary documents to formulate a responsive pleading. The Court found Counsel's justification warranted more time. Contrary to Plaintiff's contention that no documents are needed to file a responsive pleading, Defendants state that certain inmate appeals and other documents must be obtained before Counsel can determine the appropriate type of pleading that needs to be filed. Only after these documents are obtained can counsel determine if a Motion to Dismiss is warranted or if, as argued by Plaintiff, Plaintiff has exhausted his administrative remedies and a formal Answer is warranted. Although Plaintiff states that he *has* exhausted his administrative remedies, it is the prerogative of the Defendants to examine the relevant documentation and make that determination for themselves. Surely, Plaintiff would not want the Court to rely solely on the Defendant's word that he/they did not violate Plaintiff's constitutional rights. Plaintiff can rest assured that the Court does not grant requests for extensions of time lightly. However, in this case, the Court finds the extension warranted.

Plaintiff also requests that the Court deny the Motion to Dismiss for exhaustion by Defendants. However, no such motion has been filed. In the event such a motion *is* filed by Defendants, Plaintiff has the option of filing an Opposition to the Motion should he choose to.

Accordingly, the Court HEREBY ORDERS:

1. The Motion to Dismiss is CONSTRUED as an Opposition to the Motion for an Extension of time;
2. The Request to Deny the Motion to Dismiss is DENIED.

IT IS SO ORDERED.

**Dated:   November 8, 2005**          /s/ Lawrence J. O'Neill
b9ed48                           UNITED STATES MAGISTRATE JUDGE