# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS EDDIE GREENE, | CV F 04 5439 AWI LJO P |
|         Plaintiff, | |
|    v. | ORDER DENYING MOTION FOR STAY (Doc. 50-1) |
| SANCHEZ, et. al., | |
|         Defendants. | |

Chris Eddie Greene ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On December 8, 2005, Defendants filed a Motion to Dismiss the action on the grounds that Plaintiff failed to exhaust administrative remedies. This Motion is currently pending before the Court.

On March 16, 2006, Defendants moved to stay this action pending a decision by the U.S. Supreme Court in Ngo v. Woodford, 403 F.3d 620 (9th Cir. 2005), *cert. granted*, 126 S.Ct. 647 (2005) (holding that where an appeal is rejected as untimely exhaustion has occurred). Defendants state that Plaintiff, in his Reply to the Motion, has provided evidence indicating that an relevant inmate appeal was screened out as untimely. Thus, Defendants argue that a decision by the U.S. Supreme Court in Ngo will be dispositive of this case.

1   The Supreme Court of the United States has indicated clearly that "the power to stay
2   proceedings is incidental to the power inherent in every court to control the disposition of the
3   causes on its docket with economy of time and effort for itself, for counsel, and for litigants.
4   How this can best be done calls for the exercise of judgment, which must weigh competing
5   interest and maintain an even balance." Landis v. North America Co., 299 U.S. 248, 254-55, 57
6   S.Ct. 163, 166 (1936.) "The proponent of the stay bears the burden of establishing its need."
7   Clinton v. Jones, 520 U.S. 681, 706, 117 S.Ct. 1636, 1650 (1997). Thus, the moving party
8   "must make out a clear case of hardship or inequity in being required to go forward, if there is
9   even a fair possibility that the stay for which he prays will work damage to someone else."
10  Landis, 299 U.S. at 355, 57 S.Ct. at 166.
11  Here, Defendants contend that requiring them to proceed with the case "would be unduly
12  burdensome and a waste of judicial resources." (Motion at 3.) The Court does not agree.
13  As the Court has many similar motions pending before it at any given time, it is uncertain
14  when the Court will resolve the pending Motion to Dismiss. Thus, at this time, no action is
15  required of Defendants and a denial of the stay would not be unduly burdensome. The Court
16  notes further that the motion pending is a pre-answer Motion and no Answer has yet been
17  submitted in the Case. Were the Court to resolve the Motion in Plaintiff's favor, Defendants
18  would only be required to submit an Answer which also, is not unduly burdensome. Upon
19  submission of an Answer the Court issues a scheduling order which then sets forth various
20  deadlines including a deadline for the filing of yet another dispositive motion.
21  Finally, the Court finds the impending decision by the U.S. Supreme Court on the issue
22  insufficient grounds to justify a stay. The Ninth Circuit has made clear that once an opinion is
23  entered on its docket and forwarded for publication, it "is . . . final for such purpose as stare
24  decisis and full faith and credit unless it is withdrawn by the court." Wedbush, Noble, Cooke,
25  Inc. v. Securities and Exchange Commission, 714 F.2d 923, 924 (9th Cir. 1983.) As such, this
26  Court is bound to proceed unless and until applicable authority is no longer reliable. See, Yong
27  v. Immigration and Naturalization Service, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000), *citing*
28  McClellan v. Young, 421 F.2d 690, 691 (6th Cir. 1970) (district court cannot await a ruling by the

1  Supreme Court before applying circuit court's decision as binding authority).  A pending

2  decision by the U.S. Supreme Court on certiorari does not render the Ninth Circuit's holding in

3  <u>Ngo</u> unreliable.

4        Accordingly, the Motion to Stay the case is DENIED.  Should the U.S. Supreme Court

5  issue a decision that would be dispositive of the exhaustion issue in this case, Defendants may

6  supplement the Motion to Dismiss or file a subsequent motion on that basis.

7  IT IS SO ORDERED.

8  **Dated:    March 20, 2006**                              **/s/ Lawrence J. O'Neill**
   b9ed48                                                          UNITED STATES MAGISTRATE JUDGE

3