# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS EDDIE GREENE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SANCHEZ, et. al,<br><br>　　　　Defendants.<br>_____/ | CV F 04 5439 AWI LJO P<br><br>FINDINGS AND RECOMMENDATIONS REGARDING MOTION TO DISMISS<br><br>(Docs. 55, 57.) |

　　　　CHRIS EDDIE GREENE ("Plaintiff") s a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Defendants filed a Motion to Dismiss the action on exhaustion grounds on December 8, 2005. (Doc. 39.) Plaintiff filed an Opposition to that Motion on February 2, 2006. (Doc. 46.) On July 12, 2006, Defendants filed an Amended Notice of Motion and Motion to Dismiss. (Doc. 53.) On September 27, 2006, Defendants moved to withdraw the Amended Notice of Motion and Motion filed on July 12, 2006, stating that an incorrect version of the Amended Motion was inadvertently filed. (Doc. 56.) The Defendants filed a correct version of the Amended Motion that same day. (Doc. 55.) The Court granted the request to withdraw the incorrect version, Document # 53, on September 29, 2006. However, for an unknown reason, another Amended Motion to Dismiss with supporting documentation was filed on September 28, 2006. (Doc. 57.) The Court has compared Document 57 with Document 55, the version Defendants stated was the correct version in its Request to Withdraw Document 53, and finds it is identical. As an

1

1 Amended pleading supercedes the pleading previously filed, the Court will address the Amended
2 Motion to Dismiss filed on September 28, 2006, Document 57.
3    Plaintiff has not filed an Opposition to any Amended Motion to Dismiss.

**A. SUMMARY OF COMPLAINT**

   Plaintiff alleges in his Complaint

   Plaintiff alleges that on or about May 18, 2002, he was placed in the California Substance Abuse Treatment Facility (CSATF) acute hospital on suicide watch.  On May 21, 2002, Plaintiff was informed by two guards that he was being released back into administrative segregation. Plaintiff explained that he was suicidal and so the officers left.  Later, Lt. Miles approached Plaintiff and instructed him to cuff-up.  Plaintiff explained that he was suicidal.  According to Plaintiff, Lt. Miles left and contacted Chief Deputy Warden Sanchez and Captain J. Leeper. Miles was authorized to perform a cell extraction.  Plaintiff contends that Dr. Castillo approved his release back into administrative segregation and that Dr. Hartung told Lt. Miles that Plaintiff had been discharged as well.  Plaintiff was placed into a cell where within thirty minutes, he attempted suicide by hanging.  Plaintiff alleges that the Defendants Miles and Castillo were deliberately indifferent to his serious mental health and medical needs and is seeking monetary relief.

**B. EXHAUSTION**

   Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The Section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' " Porter, 534 U.S. at

524 (*citing* Booth, 532 U.S. at 739 n. 5).  Exhaustion must occur prior to filing suit.  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002).  Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.

The California Department of Corrections has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084, et seq.  "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Cal. Code Regs. tit 15, § 3084.5 (2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).   In order to meet this burden, Defendants must demonstrate that pertinent relief "remained available." Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir.2005).  The U.S. Supreme Court has further held that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford v. Ngo, 126 S.Ct. 2378 (2006).  Thus, "[proper exhaustion] means ... a prisoner must complete the administrative review process in accordance with the applicable procedural rules ... as a precondition to bringing suit in federal court." Id.

The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119 (*citing* Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (*per curiam*)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  Id.   The Ninth

1  Circuit has rejected a total exhaustion rule and thus, a court is not required to dismiss an entire
2  action when a Section 1983 complaint contains both exhausted and unexhausted claims.  Lira v.
3  Herrera, 427 F.3d 1164, 2005 WL 2850115 (9th Cir. 2005.)
4       In this case, Defendants argue that Plaintiff did not exhaust his administrative remedies
5  with respect to his Eighth Amendment claim against Defendants Miles and Castillo.  Defendants
6  indicate that after Plaintiff's placement in administrative segregation on May 22, 2002, the day of
7  the instant Eighth Amendment claim arose, Plaintiff was treated at the California Substance
8  Abuse Treatment Facility ("CSATF") at Corcoran from May 18, to May 24, 2002, transferred for
9  treatment from CSATF to the California State Prison ("CSP"), Los Angeles County from May
10  24, 2002 to June 7, 2002, and then sent to the California Medical Facility ("CMF")in Vacaville
11  from June 7, 2002 to July 24, 2002.  Plaintiff was then returned to the CSATF on July 24, 2002.
12  Defendants argue and present evidence that Plaintiff did not grieve the May 22, 2002, incident to
13  the CSP-Los Angeles facility or CMF concerning the May 22, 2002, incident during the time he
14  was incarcerated there.  (Motion at 2; Exhs. B, C, Motion to Dismiss.)  Moreover, although
15  Plaintiff presented to the Court evidence that he filed an inmate grievance on July 31, 2002, at
16  CSATF, Defendants present evidence that this appeal was screened out as untimely.  (Exh. A,
17  Motion to Dismiss.)
18       The Court has examined the inmate appeal filed by Plaintiff on July 31, 2002, and
19  attached as Exhibit A to Plaintiff's initial Opposition to the first Motion to Dismiss,   (Exh. A,
20  Opposition [Doc. 46]), and concludes that Defendants have met their burden in establishing that
21  Plaintiff has failed to exhaust his administrative remedies prior to initiating this action.  The
22  inmate appeal shows that no log number was assigned and also reflects that it was received by
23  the inmate appeals office on August 2, 2002.  The appeal also reflects another date of August 7,
24  2002, and both bear handwritten notations of "S/O."  According to the Declaration of R. Hall,
25  Inmate Appeals Coordinator at CSATF, the notations indicate that the appeal was screened out
26  because it was submitted beyond the fifteen working day deadline for appeal.  (Exh. A, Motion to
27  Dismiss.)
28       As noted above, the only Opposition filed by Plaintiff is that filed on February 2, 2006,

4

1  notifying Defendants of the inmate appeal submitted on July 31, 2002.  Plaintiff did not submit a
2  subsequent opposition to the Amended Motion to Dismiss.
3        Based on the above, the Court concludes that Plaintiff failed to exhaust his administrative
4  remedies as is required by the PLRA.

5  **C. RECOMMENDATION**

6        Accordingly, the Court RECOMMENDS that the Motion to Dismiss on the basis of
7  Plaintiff's failure to exhaust his administrative remedies be GRANTED and the action be
8  dismissed in its entirety.

9        The Court HEREBY ORDERS that these Findings and Recommendations be submitted
10 to the United States District Court Judge assigned to this action pursuant to the provisions of 28
11 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States
12 District Court, Eastern District of California.  Within THIRTY (30) days after being served with
13 a copy of these Findings and Recommendations, any party may file written Objections with the
14 Court and serve a copy on all parties.  Such a document should be captioned "Objections to
15 Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served
16 and filed within TEN (10) court days (plus three days if served by mail) after service of the
17 Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
18 § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time
19 may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153
20 (9th Cir. 1991).
21 IT IS SO ORDERED.
22 **Dated:     October 24, 2006**          **/s/ Lawrence J. O'Neill**
    b9ed48                                    UNITED STATES MAGISTRATE JUDGE

5